UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTHER GRACE SIMMONS, : | |
| : | |
| Plaintiff, : | |
| : | |
| V. : | CASE NUMBER:   1:05CV01828 |
| : | |
| CHRISTOPHER COX, : | JUDGE: Royce C. Lamberth |
| as and in his capacity as : | |
| CHAIRMAN OF THE : | |
| SECURITIES AND EXCHANGE : | |
| COMMISSION, : | |
| : | |
| Defendant. : | |

**ANSWER**

Defendant Christopher Cox, in his capacity as Chairman of the Securities and Exchange Commission, by and through the undersigned counsel, states as follows in answer to Plaintiff's complaint.

**AFFIRMATIVE DEFENSE**

1. The Complaint fails to state a claim upon which relief can be granted.

Defendant responds to the like-numbered paragraphs of the Complaint as follows:

A. JURISDICTION AND VENUE

1. Paragraph 1 is a statement of jurisdiction to which no answer is required.

2. Paragraph 2 is a statement of venue to which no answer is required.

### B. THE PARTIES

3. Defendant admits that Plaintiff is a former employee of the Securities and Exchange Commission. Defendant is without sufficient knowledge or information to admit or deny the location of Plaintiff's current residence or her residence during the course of her employment at the Securities and Exchange Commission.

4. Admitted.

### C. THE FACTS CENTRAL TO PLAINTIFF'S CLAIMS

5. Admitted.

6. Admitted.

7. Defendant is without sufficient knowledge or information to admit or deny.

8. Defendant is without sufficient knowledge or information to admit or deny whether Plaintiff was given outstanding ratings from 1988 to 1990, but admits that Plaintiff was promoted to Secretary, GS-5, in the Division of Market Regulation in 1990.

9. Defendant is without sufficient knowledge or information to admit or deny whether Plaintiff was given outstanding ratings in the early 1990's, but admits that Plaintiff was promoted to Secretary, GS-6, in the Division of Market Regulation.

10. Defendant is without sufficient knowledge or information to admit or deny.

11. Defendant admits that Plaintiff was promoted from Secretary to GS-7 Securities Compliance Technician in the Office of Compliance Inspections and Examinations ("OCIE").

12. Defendant is without sufficient knowledge or information to admit or deny whether in 1997, Plaintiff's supervisor, Glen Barrentine, gave her high praise for her work in a

letter of recommendation. Defendant denies that Mr. Barrentine gave her an "outstanding" rating on her performance appraisal.

    13.    Defendant is without sufficient knowledge or information to admit or deny.

    14.    Defendant admits that Ms. McGee gave Plaintiff an "Exceeds Fully Successful" rating in three accomplishment areas and an "Outstanding" rating in the other two accomplishment areas. Defendant admits that Plaintiff received a $500 performance award, but denies that it was the result of praise in her performance appraisal in 2000. Defendant denies the remainder of this paragraph.

    15.    Defendant admits that Plaintiff was promoted to Paralegal Specialist, GS-0950-09, in the Division of Corporation Finance. Defendant denies the remainder of this paragraph.

    16.    Denied.

    17.    Admitted.

    18.    Denied.

    19.    Admitted.

    20.    Denied.

    21.    Defendant admits that on June 22, 2001, Mr. Scholl gave Plaintiff her first performance appraisal as a Paralegal Specialist, GS-9, for the period ending April 30, 2001, but denies that period began on August 28, 2000. Defendant admits that in that appraisal, Mr. Scholl gave Plaintiff a "pass" performance rating in all six of the critical elements on which she was evaluated, and that under this performance rating system, employees either received a "pass" or a "fail." Defendant denies the remainder of this paragraph.

    22.    Admitted.

23. Denied.

24. Defendant admits that in July 2002, Mr. Scholl gave Plaintiff a Performance Appraisal for May 1, 2001, through April 30, 2002, with a "fail" rating on three critical elements and a "pass" rating on the other three critical elements. Defendant denies the remainder of this paragraph.

25. Denied.

26. Denied.

27. Denied.

28. Defendant admits that Irene Poyser worked under Scholl's supervision but denies the remainder of this paragraph.

29. Defendant is without sufficient information to admit or deny why Plaintiff submitted a rebuttal to her performance appraisal. Defendant admits that Plaintiff submitted a Rebuttal of Performance Appraisal. Defendant denies the remainder of this paragraph.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Defendant admits that on October 1, 2002, Mr. Scholl gave Plaintiff a Notice of Opportunity to Improve Performance. In it, Mr. Scholl informed Plaintiff that he was placing her on a Performance Improvement Plan ("PIP") and giving her 90 days to improve her performance level in the three critical elements in which he gave her "fail" ratings on her July 2002

Performance Appraisal. He also informed Plaintiff that he would be meeting with her regularly to discuss her performance. Defendant denies the remainder of this paragraph.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Admitted.

40. Admitted, except that Defendant denies that Plaintiff's unacceptable performance was "allegedly unacceptable."

41. Defendant admits that on April 3, 2003, in response to this notice, Plaintiff wrote a letter to Mr. Daly, Mr. Beller, and Jayne Seidman, Associate Executive Director, Office of Administrative and Personnel Management. Defendant denies the remainder of this paragraph.

42. Defendant admits that Mr. Beller, the deciding official in the subject proposal, gave Plaintiff the opportunity to respond orally to the Notice of Proposed Reduction in Grade. Defendant denies that this was on June 9, 2003. Defendant admits that Plaintiff gave an oral reply in opposition to the proposal.

43. Admitted.

44. Defendant admits that Plaintiff requested a reassignment to Atlanta, Georgia. Defendant admits that Plaintiff was not reassigned to Atlanta, Georgia. Defendant denies the remainder of this paragraph.

45. Admitted.

46. Denied.

47.	Denied.

48.	Admitted.

49.	Defendant denies that Plaintiff's appraisal was for her work as an SK-9 Paralegal Specialist. Defendant admits that her performance rating was "acceptable."

50.	Defendant admits that when Plaintiff met with Mr. Scholl regarding the evaluation on October 2, 2003, Mr. Scholl said that he was "passing" her as a SK-7, not a SK-9. Defendant denies the remainder of this paragraph.

51.	Admitted.

52.	Defendant admits that in that hearing, Katie Nix, a Senior Financial Analyst, testified. Defendant admits that the arbitrator denied Plaintiff's grievance on or about March 19, 2004. Defendant admits that Plaintiff remained an SK-7 Paralegal Specialist. Defendant denies the remainder of this paragraph.

53.	Denied.

54.	Defendant denies that Mr. Scholl was hypercritical or verbally abusive. Defendant is without sufficient knowledge or information to admit or deny the remainder of this paragraph.

55.	Defendant is without sufficient knowledge or information to admit or deny whether the Superior Court of the District of Columbia intended to hire Plaintiff. Defendant denies the remainder of this paragraph.

56.	Admitted.

57.	Defendant is without sufficient knowledge or information to admit or deny.

58.     Defendant admits that on June 24, 2004, Mr. Scholl gave Plaintiff another Notice of Opportunity to Improve Performance.  Defendant admits that, in the notice, Mr. Scholl placed her on a 60-day PIP to improve her work performance to an acceptable level.  Defendant denies the remainder of this paragraph.

59.     Defendant admits only that the 60-day PIP period ended on or about August 24, 2004 and denies the remainder of this paragraph.

60.     Denied.

61.     Defendant admits that on November 1, 2004, Mr. Daly sent Plaintiff a Notice of Proposed Removal for Unsuccessful Performance.  Defendant denies the remainder of this paragraph.

62.     Denied.

63.     Denied.

64.     Defendant denies that on November 1, 2004, Mr. Scholl was made the Office Chief.  Defendant admits that Valerie Lewis, an African-American female, became Plaintiff's supervisor on November 1, 2004.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Defendant admits that on or about November 23, 2004, Plaintiff submitted her opposition to the Notice of Proposed Removal to Alan Beller, Director, Division of Corporation Finance at the Agency.  Defendant denies the remainder of this paragraph.

69.     Denied.

70. Defendant admits that on or about January 28, 2005, Mr. Beller issued Plaintiff a Removal Decision for Unsuccessful Performance, removing her effective February 11, 2005. Defendant denies the remainder of this paragraph.

71. Defendant is without sufficient knowledge or information to admit or deny whether on or about April 28, 2005, after the Agency terminated Plaintiff, Plaintiff applied to a Home Depot store in Hyattsville, Maryland, as a Night Inventory Clerk; or whether on the application, she indicated that she had been discharged from an employer; or whether on April 29, Plaintiff contacted Home Depot about her application and spoke with someone in the personnel office, who advised her that Home Depot was impressed with her education background and experience. Defendant denies the remainder of this paragraph.

72. Denied.

73. Defendant is without sufficient knowledge or information to admit or deny whether Plaintiff moved to Savannah, Georgia, and consulted with Carolyn Trosdal, her financial advisor and Vice President at Wachovia Securities, and an old family friend, about her Thrift Savings Plan; whether when Ms. Trosdal heard that Plaintiff was unemployed she offered to refer her to a relative of hers who manages an area Hampton Inn; whether Plaintiff thanked her for her offer. Defendant denies the remainder of this paragraph.

74. Defendant denies the first sentence of paragraph 74. Defendant is without sufficient knowledge or information to admit or deny the second sentence of paragraph 74.

D. STATEMENT OF PLAINTIFF'S CLAIMS

Count I: Race and Gender Discrimination
(Title VII)

75. Defendant's responses to paragraphs 1-74 are incorporated herein by reference.

76. Paragraph 76 is a legal conclusion to which no answer is required.

77. Denied.

78. Denied.

79. Denied.

## Count II: Retaliation for Opposing Discrimination
### (Title VII)

80. Defendant's responses to paragraphs 1-79 are incorporated herein by reference.

81. Paragraph 81 is a legal conclusion to which no answer is required. To the extent an answer is required, denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

## E.  REMEDIES

87. Paragraph 87 is a prayer for relief to which no answer is required, but insofar as an answer is deemed necessary, Defendant denies that Plaintiff is entitled to the relief requested herein or any relief whatsoever.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

88. Defendant admits that Plaintiff initiated an informal EEO complaint but is without sufficient knowledge or information to admit or deny when Plaintiff initiated the informal EEO complaint.

89. Admitted.

90. Defendant is without sufficient knowledge or information to admit or deny.

91. Defendant admits that on or about August 12, 2005, the Agency issued a Final Agency Decision (FAD) on Plaintiff's complaint and that the FAD had a notice that Plaintiff could file a complaint in court.

92. Defendant is without sufficient knowledge or information to admit or deny.

93. Defendant is without sufficient knowledge or information to admit or deny.

## G. JURY TRIAL DEMAND

94. Paragraph 94 is a jury demand to which no answer is required.

Defendant hereby specifically denies all of the allegations of the Complaint not herein before otherwise answered.

Having fully answered, Defendant respectfully requests that this action be dismissed with prejudice and that the Defendant be granted its costs and such other relief as this Court deems appropriate.

Respectfully submitted,

_____/s/_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

                 /s/
_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney


                 /s/
_____
HEATHER D. GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C. 20530
(202) 305-1334

DAVID M. PINANSKY
Maine Bar # 001844
Texas Bar # 16011360
Senior Special Counsel
U.S. Securities and Exchange Commission
100 F. Street, N.E., Mail Stop 9612
Washington, D.C. 20549
(202) 551-5191