# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| | ) | |
| **REGINALD J. ROUNTREE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **C.A. No. 04-0806 (ESH)** |
| **MIKE JOHANNS,** | ) | |
| | ) | |
| **Secretary, U.S. Department of Agriculture,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### Defendant's Motion In Limine

Now comes the Defendant, Mike Johanns, Secretary of the United States Department of Agriculture (USDA) and hereby moves in *limine* to limit the evidence and testimony to be introduced by Plaintiff at the upcoming trial in this case. Defendant seeks to limit the so-called "me too" testimony of the following witnesses identified by Plaintiff in his Pretrial Statement: Carolyn Parker, Sherman Vincent, Aleta Ortis, Ora Rollins, Ava Marshall and James Beverly. The reasons for this motion are more fully set forth in the attached Memorandum of Points and Authorities.

Respectfully submitted,

_____/s/_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

_____/s/_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

_____        _____/s/_____
                                       HEATHER D. GRAHAM-OLIVER
                                       Assistant United States Attorney
                                       Judiciary Center Building
                                       555 4th St., N.W.
                                       Washington, D.C.  20530
                                       (202) 305-1334

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| REGINALD J. ROUNTREE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 04-0806 (ESH) |
| MIKE JOHANNS, | ) | |
| | ) | |
| Secretary, U.S. Department of | ) | |
| Agriculture, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE**

1.    **"Me Too" Evidence From Other Claimed Victims of Discrimination**

Defendant seeks to exclude testimony and documentary evidence from other agency employees other than plaintiff that they were subjected to discrimination by the USDA. Those employees have been identified by Plaintiff in his Pretrial Statement and are: Carolyn Parker, who will testify concerning race based bias at the USDA; Sherman Vincent, who will testify as to Mr. Norm Risavi's race based bias; Aleta Ortis, will testify as to her grievance matter and how the plaintiff assisted her in that matter; Ora Rollins, will testify concerning race based bias in the USDA; Ava Marshall will testify as her her own discrimination case against Joseph Newbill and how she "won" that case; and James Beverly, a black farmer who will presumably testify that the USDA has discriminated against black farmers in the past. Such evidence is irrelevant to the issues in this case and is likely to confuse the issues, mislead the jury, require "mini-trials" on their claims of discrimination, and unfairly prejudice defendant.

### a.    Relevancy

The Federal Rules of Evidence call for the admission only of "relevant evidence." See

Fed. R. Evid. 402.  "Relevant evidence" is defined as "evidence having any tendency to make the

existence of any fact that is of consequence to the determination of the action more probable or

less probable than it would be without the evidence." See Fed. R. Evid. 401; United States v.

Carter, 522 F.2d 666, 685 (D.C. Cir. 1975).  Equally important, the Federal Rules also provide

for the exclusion of evidence "if its probative value is substantially outweighed by the danger of

unfair prejudice, confusion of the issues, or [the likelihood of] misleading the jury, or by

considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Fed. R. Evid. 403.

Testimony from the witnesses listed above has no nexus to the disputed facts at issue in

this case.  To defendant's knowledge, none of the witnesses listed by Plaintiff were involved in

or is personally knowledgeable about the decision to terminate Mr. Rountree.  It appears instead

that Mr. Rountree anticipates offering testimony from these witnesses primarily, if not

exclusively, as other alleged victims of discrimination, under the theory that if the USDA

discriminated against these individuals it is more likely to have discriminated against Mr.

Rountree.

As a general matter, courts have excluded such "me too" evidence, recognizing in many

different contexts that it has no probative value.  "Trial courts regularly prohibit "me too"

evidence from or about other employees who claim discriminatory treatment because it is highly

prejudicial, but only slightly relevant." Reid v. National Linen Service, 182 F.3d 918

(unpublished table decision), 1999 WL 407463 at **7 (6th Cir. Jun. 2, 1999); see Schrand v.

Federal Pacific Electric Co., 851 F.2d 152, 156 (6th Cir. 1988).  More particularly, courts have

closely scrutinized the connection of the proposed witness's testimony to the case at hand --

excluding the evidence, for example, where the alleged discriminating official was not the same

for the plaintiff and the proffered witness, where the alleged discrimination took place during a

different time period, where the alleged discrimination took place in a different office, where the

type of adverse employment action was not the same, where the alleged victims of discrimination

had different grades, titles or qualifications, or where the type of alleged discrimination (i.e., sex,

race, handicap, etc.) was different for the plaintiff and the proffered witness.  See Haskell v.

Kamen Corp., 743 F.2d 113, 121 (2d Cir. 1984) (other employee testimony "definitely should

have been excluded by the district court in accord with Fed. R. Evid. 403" and "even the

strongest jury instructions could not have dulled the impact of a parade of witnesses, each

recounting his contention that defendant had laid him off because of his age"); Goff v.

Continental Oil Corp., 678 F.2d 593, 596-97 (5th Cir. 1982); Rauh v. Coyne, 744 F. Supp. 1181,

1183 (D.D.C. 1990).

　　In Schrand, for example, the Sixth Circuit reversed a jury verdict in favor of a Title VII

plaintiff on the grounds that the district court should not have admitted evidence of alleged

discrimination against coworkers.  The plaintiff there was a sales engineer for a national

company who complained of age discrimination, and sought to introduce the testimony from two

other sales engineers in other regions of the country who were told that they had been terminated

because of their age.  The district court admitted the evidence, but the court of appeals ruled that

it was irrelevant.  In doing so, it relied upon the important differences between the facts of the

plaintiff's case and the facts of the witnesses' cases, including the fact that the deciding official

for the plaintiff's termination was not involved in the decisions with respect to the other

witnesses.  See Schrand, 851 F.2d at 156.

Judged against these standards, there is no possible relevance to any testimony from these

other individuals concerning their own perceptions that they were the victims of discrimination

by the USDA in general.  Indeed, with respect to the "legacy of discrimination" witnesses

(Johnson, Gibson, and Long) defendant expects that they will testify about the BADGE lawsuit

and their other claims against the USDA alleging discrimination on the basis of race and/or sex.

Whether these witnesses believe themselves to have been discriminated against by the USDA in

their own employment situation has no bearing whatsoever on the fitness for duty claims that

remain for trial here.  The patent irrelevancy of their proposed testimony is all the more apparent

now that the Court has dismissed plaintiff's hostile work environment claims.  Their testimony is

not helpful to an understanding of the claims in this case, but only provides an opportunity for

these other individuals to complain about their own grievances.

Plaintiff does not claim that these witnesses have any first-hand knowledge of Mr.

Rountree's case.  Therefore, their testimony in no way illuminates whether the decision to

terminate Mr. Rountree was formulated because of a retaliatory motive, or whether there was a

reason for the termination that was job related and consistent with business necessity.  Nor are

any of these individuals similarly situated to plaintiff: i.e., that they misused their credit cards,

had a complaint of hostile work environment lodged against them or submitted a fraudulent

travel voucher to the government for payment.  See Holbrook v. Reno, 196 F.3d 255 (D.C. Cir.

1999) (requiring that all of the relevant aspects of the employment situation be the same) (citing

Neuren v. Adduci, Mastriani, Meeks & Schill, 43 F.3d 1507, 1514 (D.C. Cir. 1995)); Phillips v.

4

Holladay Prop. Services, 937 F. Supp. 32, 37 (D.D.C.1996) (the individual with whom the plaintiff seeks to compare his treatment "must have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without differentiating or mitigating circumstances that would distinguish his conduct or the employer's treatment of [him] for it.").

### b.    The Proposed Testimony is Improper Opinion Testimony

There can be no serious doubt that plaintiff wants to parade these witnesses in front of the jury in order to generally show a discriminatory atmosphere at the USDA and provide anecdotal evidence concerning other employees. No other conclusion can be drawn. Such testimony also should be barred under Fed. R. Evid. 701. That rule provides that witness testimony in the form of an opinion:

> is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.

Under this rule, "the opinion of a lay witness on a matter is admissible only if it is based on first-hand knowledge or observation – for example, a witness' opinion that a person with whom he spoke was drunk, or that a car he observed was traveling in excess of a certain speed." United States v. Marshall, 173 F.3d 1312, 1315 (11th Cir. 1999); see also Rule 701 Advisory Committee Notes, 2000 Amendments. It is well settled that plaintiff cannot create a factual issue of pretext based merely on personal speculation of discriminatory intent. See Brown v. Brody, 199 F.3d 446, 458 (D.C. Cir. 1999); Goldberg v. B. Green & Co., Inc., 836 F.2d 845, 848 (4th Cir. 1988). Certainly, the speculation of others is equally inconsequential.

        **c.**        **The Testimony of These Witnesses Constitutes Improper "Bad Act"
Evidence**

Permitting the testimony of these me-too witnesses would also contravene Rule 404(b),

which proscribes the admission of other "bad acts" in order to show action in conformity

therewith.  See Fed. R. Evid. 404(b).  Plaintiff's rationale for calling these witnesses is to suggest

to the jury that if the agency may have discriminated in other instances, they should conclude that

there was discrimination in this case.  Rule 404(b) specifically proscribes this kind of evidence.

Mr. Rountree should not be permitted to turn this case into a general referendum on whether the

USDA is a good employer, or simply sully the defendant by putting on witnesses who will

complain about real or perceived mistreatment in their employment.  The proof at trial should

address whether the facts support a claim that Plaintiff was terminated in retaliation for his

participation in a protected activity or whether his termination was job related and consistent

with business necessity.  The proposed "me-too" witnesses are entirely irrelevant to this inquiry.,

        **d.**        **The Prejudice from Admitting Me-Too Evidence Vastly Outweighs
The Purported Probative Value**

Even assuming arguendo that the testimony of these witnesses had some marginal

relevance to Plaintiff's claims, the testimony nevertheless should be excluded under Federal Rule

of Evidence 403.  That rule provides that relevant evidence "may be excluded if its probative

value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or

misleading the jury, or by considerations of undue delay, waste of time, or needless presentation

of cumulative evidence."  See Fed. R. Evid. 403.  In this case, virtually every one of these

considerations counsels strongly against admission of this testimony.

First, admission of testimony from these individuals would cause a significant and unnecessary lengthening of the trial, thus constituting an "undue delay" and "waste of time." The purported [    ] witnesses illustrates the point very clearly. Defendant assumes that each of these witnesses will testify about their particular situation. In order to rebut their testimony, defendant will be required to put on evidence explaining the particulars of their case. What started as one trial could ultimately become several, which is precisely why courts are typically highly reluctant to admit witnesses who have no first hand knowledge of the case, and whose sole purpose is to talk about their own discrimination claims. See Ramos-Melendez v. Valdejully, 960 F.2d 4, 6 (1st Cir. 1992) (in employment discrimination action, the exclusion of testimony of other employees about their pending suits was proper under Rule 403, since the admission of the testimony would require that their cases be tried as well); Kinan v. City of Brockton, 876 F.2d 1029, 1034-35 (1st Cir. 1989).

The proposed testimony from these individuals also would unduly prejudice the USDA and confuse the jury. Because of the diversity and number of claims raised by these witnesses (for example Ava Marshall has filed several claims against the USDA) and the amount of time that would be required to address them properly, the jury's attention would necessarily be diverted from the fundamental questions presented by this case: whether Reginald Rountree was the victim of unlawful retaliation or whether her termination was consistent with business necessity. The USDA would be forced to explain not only the claims raised by Mr. Rountree, but a multitude of other unspecified claims where the only common thread is employment by the USDA. Indeed, even if their charges of discrimination were fully discredited by the USDA at

7

trial, the mere fact that these seven individuals came forward to testify against the USDA would

serve to suggest to the jury that these individuals felt "wronged."  Such a vague inference, untied

to factual evidence, is precisely what Rule 403 is designed to avoid.

2.      **The Fact That The State Prosecution Was Nolled Should Not Be Determinative Of Whether The Employment Specifications Concerning The Travel Voucher and Credit Card Misuse Were Correct And Thus Any Mention Of Plaintiff's Arrest and the Criminal Case Subsequently being Nolled Should Be Excluded.**

This evidence should be excluded under Fed. R. Evid. 401, 402, 403 and 404.  On

November 22, 2002, Plaintiff was arrested and charged with felony embezzlement and felony

credit card fraud.  The criminal charges were eventually dismissed by a County Prosecutor.

Plaintiff should not be allowed to testify or to otherwise infer that such a dismissal was evidence

of the impropriety of the employment specifications that were asserted against the Plaintiff

pertaining to his submission of a travel voucher for housing while he was on sick leave and his

credit card misuse.

There is no basis or personal knowledge to answer the question "why" the decision was

made and "what" it means.  Because the decision of the prosecutor may be based upon a myriad

of considerations (e.g., missing witnesses, inadmissible inculpatory evidence and other problems

of proof) that often do not involve the proven innocense or guilt of the alleged criminal

defendant, the mere fact of the *nolle prosequi* says nothing about a person's innocense and is

therefore not relevant for that purpose.  Probable cause to arrest exists if at the moment of the

arrest, the facts and circumstances known to the arresting officers are sufficient to warrant a

prudent man in believing that the arrestee had committed or was committing an offense.  Further,

it is presumed that the prosecutor filing a criminal complaint exercised independent judgment in

determining that probable cause for an accused's arrest exists at that time.  Maurer v. Los

Angeles, County, 1991 U.S. App. Lexis 22647; U.S. v. Lindsey, 877 F.2d 777 (9th Cir. 1989).

Moreover, this type of evidence will unduly prejudice Defendant because it will allow the

jury to improperly conclude that because the criminal cases were dismissed, he did not

improperly submit his travel voucher or misuse his credit cards and thus, management did not

have a basis for taking the action that it did.

Further, because it is clear that an acquittal may not be used in a civil trial as evidence of

guilt or innocense then neither should the fact that a matter is dismissed.  See Dowling v. United

States, 493 U.S. 342, 348-349 (1990) citing to United States v. One Assortment of 89 Firearms,

465 U.S. 354, 361-362 (1984) ("the acquittal did not prove that the defendant is innocent; it

merely proves the existence of a reasonable doubt as to his guilt. . . .[T]he jury verdict in the

criminal action did not negate the possibility that a preponderance of the evidence could show

that [the defendant] was engaged in an unlicensed firearms business. . . .It is clear that the

difference in the relative burdens of proof in the criminal and civil actions precludes the

application of the doctrine of collateral estoppel."); see also, Helvering v. Mitchell, 303 U.S. 391,

(1938) (the criminal acquittal [w]as nothing more than a determination that the evidence in the

criminal setting was not sufficient to overcome all reasonable doubt that the accused was guilty);

Delahanty v. Hinckley, 799 F. Supp. 184, 186 (D.D.C. 1992) (acquittal in a criminal trial under

the reasonable doubt standard is not the same as determining that a defendant is not liable under

the civil standard of preponderance of the evidence).  Thus, if an acquittal may not be introduced

as evidence of guilt or innocense then neither may a dismissal.

## **CONCLUSION**

The evidence at trial should be limited to what is relevant to the one specific claim that remains in this case.  Mr. Rountree should not be permitted to expand the case into one involving instances of alleged discrimination against other employees, or to transform the case into a general inquiry into the USDA's treatment of its minority employees.  Neither should he be permitted to testify as to the undisclosed motives of a county Prosecutor.

Accordingly, Defendant respectfully requests that the Court grant its motion in *limine* and bar, at trial, the evidence discussed above.

Respectfully submitted,


_____/s/_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


_____/s/_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney


_____/s/_____
HEATHER D. GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C.  20530
(202) 305-1334