UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ESTHER GRACE SIMMONS** )<br>)<br>    **Plaintiff,** )<br>)<br>    v. )<br>)<br>**CHRISTOPHER COX,** )<br>as and in his capacity as )<br>**CHAIRMAN OF THE SECURITIES** )<br>**AND EXCHANGE COMMISSION,** )<br>)<br>    **Defendant.** )<br>_____ ) | Civil Action No. 05-1828 (RCL) |

**STIPULATED PRIVACY ACT AND CONFIDENTIALITY ORDER**

This is an action in which Plaintiff Esther Grace Simmons alleges that the Securities and Exchange Commission (SEC) unlawfully discriminated against her on the basis of her race and gender and retaliated against her for protected EEO activities. Subject to the Court's approval, plaintiff and defendant, by their undersigned counsel, hereby stipulate and agree that documents and information designated by counsel as "protected" shall be given protected material status, shall be disclosed only to counsel for the parties and to those persons designated in paragraph 5 below, shall be used solely for purposes of the above-captioned litigation, and shall be further protected as set out herein.

Information to be disclosed by defendant in discovery may include personnel and other records which defendant believes contain information which is protected by the Privacy Act, 5 U.S.C. §552a, or which, if publicly disclosed, would unnecessarily intrude on the privacy interests of third parties not before the Court or are of a confidential or sensitive nature.

1

Defendant may also be requested to disclose non-public information as described in 17 C.F.R. § 200.735-3(b)(7). Similarly, in discovery defendant has been inquiring about plaintiff's personal matters, such as her health, medical records, finances, tax returns, and her social security number.

For these reasons, there is good cause under Rule 26(c) of the Federal Rules of Civil Procedure to issue this Stipulated Privacy Act and Confidentiality Order ("Stipulated Order").

Therefore it is hereby ORDERED:

1. Defendant Securities and Exchange Commission (SEC) is hereby authorized to release to Plaintiff Esther Grace Simmons Government records and information pertaining to past or present federal employees which are potentially relevant to this action and are not objectionable other than on privacy grounds, other records and information of a confidential or sensitive nature, and non-public information as described in 17 C.F.R. § 200.735-3(b)(7). Pursuant to the provisions of this Order, defendant may release to plaintiff potentially relevant records that are subject to the Privacy Act, 5 U.S.C. §552a, as well as potentially relevant information which, if released more generally, would intrude on the privacy interests of individuals not before the Court, other records of a confidential or sensitive nature, and non-public information as described in 17 C.F.R. § 200.735-3(b)(7), without obtaining the prior written consent of the individuals to whom such records or information pertain.

2. If either party believes that any materials which the other has requested contain any confidential, non-public, or personal information, such party may, in good faith, designate the material as "Confidential" or "Subject to Protective Order."

3. For purposes of this Protective Order, the term "record," as it relates to Privacy Act protected materials, shall have the same meaning as set forth in the Privacy Act, 5 U.S.C.

§552a(a)(4).

    4. Protected Materials shall be marked, "PRODUCED SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE ORDER," or contain a similar marking such as "CONFIDENTIAL." For any records, such as computer data, whose medium makes such stamping impracticable, the diskette case and/or accompanying cover letter shall be marked, "PRODUCED SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE ORDER," or contain a similar marking. Answers to interrogatories, if any, that contain Protected Materials also shall be marked, "PRODUCED SUBJECT TO PROTECTIVE ORDER" or SUBJECT TO PROTECTIVE ORDER," or contain a similar marking.

    5. All "protected," "confidential,"or "non-public" documents subject to this Protective Order and the information contained therein, including but not limited to plaintiff's tax records and returns, financial information, medical records, any social security numbers, and non-public information as described in 17 C.F.R. § 200.735-3(b)(7), shall be treated as confidential and shall be used only to the extent necessary for the prosecution or defense of this case, including inquiry, by the parties' counsel or persons acting under their direction. Documents protected by this Protective Order may be inspected only by (a) the parties, attorneys representing the parties in this case and their law clerks, paralegals, and clerical staffs; (b) plaintiff and defendant's officials who have a need to see such documents (to be identified in advance by defendant or plaintiff, as applicable) including any reporter recording the deposition testimony in this action; (c) any experts consulted by either party for purposes of prosecuting or defending this case and their clerical staffs; (d) the Court and its staff; and (e) the jury. Any such "protected" documents or information subject to this Protective Order shall not be delivered, exhibited, or otherwise

disclosed to any person except the persons specified in this paragraph. Any person having access to information subject to this Order shall be informed that it is confidential and subject to a non-disclosure Order of the Court, and that it is to be used only for purposes of proceeding in this action. During any deposition noticed in connection with this case, a witness or any counsel may indicate, that a question calls for protected, non-public, or confidential information, or that an answer has disclosed protected, non-public, or confidential information. Such information may be so designated either:

(a) during the deposition, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Protected Information" or "Confidential Information"; when a designation is made during a deposition, upon request of counsel, all persons, except persons entitled to receive protected, non-public, or confidential information pursuant to this Order shall leave the room where the deposition is proceeding until completion of the answer or answers containing protected, non-public, or confidential information; or (b) by written notice to the reporter and to all counsel of record, given within ten (10) calendar days after the date of the reporter's written notice to the deponent or its counsel that the transcript is available for review, in which case the reporter and all counsel receiving notice of the designation shall be responsible for marking the copies of the transcript in their possession or under their control as directed by the designating party.

6. Except as provided herein, no person having access to material designated as subject to this Order shall make any public disclosure of those materials without further Order of the Court or stipulation of the parties.

7. All documents, and copies made of those documents, designated as subject to this

Order, shall be destroyed or returned to opposing counsel within sixty (60) days of the conclusion of the proceedings before the Court, including any appeals. If the documents are destroyed, counsel shall notify opposing counsel. However, Government counsel may retain one copy of any confidential documents whose retention counsel determines, reasonably and in good faith, is necessary or appropriate for compliance with the Federal Records Act, 44 U.S.C. § 3101, and its implementing regulations, 36 C.F.R. § 1222.38. If Government counsel does retain any such documents, upon request of Plaintiff's counsel, within sixty (60) days of the conclusion of the proceedings before the Court, including any appeals, government counsel shall identify all documents so retained. Any such retained materials shall be placed in an envelope(s) marked "Confidential or Protected Information Subject to Protective Order," with a copy of this Order attached.

8. Nothing contained in this Order shall be construed as precluding plaintiff or defendant from introducing materials which are subject to this Order, or the contents thereof, at a deposition in this case or into evidence at the trial of this case, as long as they comply with the other terms of this Protective Order. Nothing in this Protective Order affects the right of counsel to discuss with their client any relevant information contained in Protected Materials.

9. Pursuant to LCvR. 5.2(a), the parties shall not file discovery materials, including interrogatories, answers thereto, document requests, responses thereto, requests for admission, responses thereto, or deposition transcripts, containing information subject to this order with the Clerk of Court.

10. If any party intends to file any motion, opposition, reply or any other filing prior to trial and attach thereto or set forth information that has been designated as subject to this

Stipulated Order, including portions of deposition testimony or exhibits that contain, reference, or discuss information subject to this Stipulated Order, such filing, to the extent that it includes limited reference to protected information, may be filed in the public record in accordance with LcvR. 5.4(f); otherwise, the filing shall be made in the Clerk's Office in sealed envelopes bearing the name and docket number of the case and the words "under seal." Finally, no party shall disclose protected, non-public, or confidential documents or information in open Court without prior approval by the Court.

10. In the event that the parties are unable to resolve the disagreement without Court intervention, this Protective Order shall be issued without prejudice to the right of either party to bring before the Court at any time the question of whether or not any such "protected" documents are in fact confidential, discoverable, or admissible.

11. Any specific part or parts of the restrictions imposed by this protective order may be terminated at any time by written agreement of the parties, subject to the approval of the Court.

SO ORDERED.


Signed by Royce C. Lamberth, United States District Judge, May 24, 2006.